■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY WILLIAMS, Appellant.—

Defendant argues that the evidence was legally insufficient to establish that he acted under circumstances evincing "depraved indifference to human life" or that his conduct created a "grave risk of death" so as to support a conviction of reckless endangerment in the first degree. The trial evidence showed that on October 2, 1986, at about 8:00 P.M., two police officers observed defendant running a red light in a stolen

Mazda RX-7. Defendant ignored the officers' attempts to pull him over and engaged them in a high-speed chase on University Avenue, a well-traveled street in The Bronx. The Mazda, which accelerated to a speed of 60 miles per hour in a 35-mile-per-hour speed zone, ran several red lights. At University Avenue and 174th Street, the Mazda barely missed two pedestrians who, walking in the crosswalk, had to jump out of the way. The vehicle changed lanes repeatedly, weaving in and out of traffic. Finally, defendant turned into Shakespeare Avenue, where he jumped from the car and fled. Eventually defendant was apprehended. In all, the chase lasted five minutes.

Defendant's conviction must be upheld if, after viewing the evidence in the light most favorable to the People, a rational fact finder could have found defendant guilty beyond a reasonable doubt. (See, People v Contes, 60 NY2d 620, 621.) "A person is guilty of reckless endangerment in the first degree when, under circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person." (Penal Law § 120.25.) The statute's penal proscription is not attuned to a particular outcome. The risk of injury alone sustains the prosecution. (People v Davis, 72 NY2d 32, 36.) The determination of whether a crime was committed entails "an objective assessment of the degree of risk presented by [the actor's] reckless conduct". (People v Register, 60 NY2d 270, 277, cert denied 466 US 953.)

In our view, defendant's conduct during the high-speed chase supports the finding of guilt. After running a red light on a well-traveled Bronx thoroughfare at 8:00 P.M., defendant ignored the pursuing patrol car's red emergency light and horn. Eventually, he accelerated his vehicle to a speed of 60 miles per hour in a 35-mile zone, ran another red light and barely missed two pedestrians who, already in the intersection, were able to jump out of the path of the oncoming car. Such conduct on defendant's part demonstrates an abandonment of any concern for those who were exposed to such reckless behavior. The degree of risk undertaken by defendant clearly presented a reasonable chance that someone would be injured. (See, People v Jerome, 138 AD2d 871, 873.) That no one was seriously injured or killed was purely fortuitous and cannot inure to defendant's benefit. His blatant disregard of the traffic conditions and the danger to others constitutes too great a risk for society to tolerate.

Defendant's reliance on People v Davis (72 NY2d 32, supra)

is misplaced. The determination there turned on the factual impossibility of the commission of the crime. A jammed cartridge prevented the gun from firing. Thus, the "factual impossibility eliminate[d] the risk essential to commission of the crime". (Supra, at 37.) That is hardly the case here.

Defendant also argues that since the ameliorative amendment redefining Penal Law § 165.50 went into effect before defendant's trial and sentence, he should be given its beneficial effect.* The error was unpreserved and we decline to exercise our interest of justice jurisdiction to reach it. Moreover, defendant did not challenge the People's proof that the value of the stolen Mazda was more than $3,000, the amended required minimum value for a conviction of criminal possession of stolen property as a class D felony (Penal Law § 165.50). (The People's expert appraised the vehicle as having a value of $4,112.50.) Indeed, from the outset of the trial, the defense was that this was a case of mistaken identity. Concur —Murphy, P. J., Sullivan, Ross, Rosenberger and Ellerin, JJ.

---

* Prior to an amendment effective November 1, 1986, Penal Law § 165.50, a class D felony, was defined as criminal possession of stolen property in the first degree and required possession of property valued in excess of $1,500. Under the 1986 amendment, Penal Law § 165.50 remained a class D felony but was reclassified as criminal possession of stolen property in the third degree and the minimum value of the stolen property was increased to an amount in excess of $3,000 (L 1986, ch 515, § 6).