■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFF CONYERS, Appellant.—Two judgments, Supreme Court, Bronx County (Frank Torres, J.), both rendered September 20, 1988, convicting defendant (i) after a jury trial, of reckless endangerment in the first degree and resisting arrest, and (ii) upon his plea of guilty, of robbery in the second degree and violation of probation, and sentencing him, as a second felony offender, to concurrent prison terms of from 3½ to 7 years on the reckless endangerment charge, six months on the resisting arrest charge, from 4½ to 9 years on the robbery charge, and terminating his probation unfavorably, are unanimously affirmed.

On the trial the People adduced evidence that on April 30, 1987, defendant, after committing several traffic violations, led several police patrol cars in a high-speed chase that began in Manhattan and ended with defendant's apprehension in Bronx County. During the car chase in Bronx County, as described by police in pursuit and other witnesses, defendant ran red lights, ignored sirens and numerous orders from the police to halt, sped down streets opposite to the direction of oncoming traffic, jumped over median dividers, and finally drove into a playground area at an estimated speed of 30 miles per hour where he hit a 17-year-old youth with sufficient force to toss him 10 feet into the air.

The crime of reckless endangerment in the first degree is committed when a person, under circumstances evincing a

depraved indifference to human life, recklessly creates a grave risk of death to another person (Penal Law § 120.25). A person acts recklessly within the meaning of this statute when he is aware of, and consciously disregards, a substantial and unjustifiable risk that such result will occur or that such circumstance exists (Penal Law § 15.05 [3]). Thus the risk alone, objectively considered, sustains a conviction regardless of the outcome of the conduct *(People v Davis,* 72 NY2d 32, 36). On the proof presented here the jury could find that defendant's conduct in continuing to flee by driving directly into a playground area filled with about 20 children, which was closed to traffic by yellow cement pillars, met the statutory test of creating a grave risk of death to another.

Defendant's challenge to the court's supplemental instruction to the jury in response to its inquiry is unpreserved as a matter of law (CPL 470.05 [2]; *People v Chin,* 67 NY2d 22), and we decline to review it in the interest of justice. Evidence of prior incidents during the chase which commenced in New York County was properly received to complete a coherent narrative of the entire incident; these events, including what precipitated the police pursuit, were inextricably interwoven with the crime charged, and the probative value thereof outweighed the potential for undue prejudice *(People v Vails,* 43 NY2d 364, 368-369). Such evidence also served to explain why police pursued and arrested defendant *(People v Muriell,* 128 AD2d 554).

Defendant's contention that a police officer's testimony as to these prior incidents impermissibly bolstered the arresting officer's testimony is unpreserved as a matter of law *(People v Nuccie,* 57 NY2d 818), and review in the interest of justice is not warranted. Nor is review appropriate for defendant's unpreserved challenge to the prosecutor's summation.

Finally, with respect to defendant's *Sandoval* claims, we cannot find that the trial court abused its broad discretion *(People v Smith,* 59 NY2d 156). Concur—Carro, J. P., Kassal, Ellerin, Wallach and Rubin, JJ.