■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN GATTO, Appellant.—Judgment, Supreme Court, Bronx County (John P. Collins, J.), rendered April 20, 1989, convicting defendant, after a jury trial, of reckless endangerment in the first degree and sentencing him to an indeterminate term of imprisonment of 2⅓ to 7 years, unanimously affirmed.

The evidence, viewed in the light most favorable to the prosecution, shows that defendant, who was driving erratically on the Major Deegan Expressway in Bronx County, was stopped by a police officer in his private car, then suddenly started his vehicle, throwing the officer across the divider into oncoming traffic and then drove at excessive speeds on the road shoulder, striking the highway divider and another vehicle before finally coming to a stop. Under these circumstances, defendant's guilt was established beyond a reasonable doubt. The risk of death created by defendant was " 'substantial and unjustifiable' " (People v Boutin, 75 NY2d 692, 698). Moreover, defendant's conscious disregard of the risk was beyond peradventure a "gross deviation" from the standard of care that a driver should have exercised in the same circumstances.

Defendant's breathalyzer test results were properly introduced into evidence. The People introduced satisfactory evidence from which the trier of fact could reasonably conclude that the machine was in proper working order at the time of the test, the chemicals used in conducting the test were of the proper kind and mixed in the proper proportions, and that the machine operator was qualified (People v Freeland, 68 NY2d 699, 700-701). Defendant's appellate arguments on this point relate more to weight than admissibility. Concur—Kupferman, J. P., Sullivan, Milonas, Rosenberger and Kassal, JJ.