■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS GARCIA, Appellant.—Judgment, Supreme Court, Bronx County (John P. Collins, J.), rendered February 7, 1990, convicting defendant, after a jury trial, of two counts of murder in the second degree, and sentencing him to consecutive terms of imprisonment of from 15 years to life and from 25 years to life, unanimously affirmed.

The bodies of the victims, Juan Nieto, a reputed drug dealer, and Jaqueline Martinez, his girlfriend, were discovered in the passenger compartment of a grey Plymouth in the vicinity of Bronx River Avenue and the Cross Bronx Expressway, at approximately 7:00 A.M. on October 19, 1987. Nieto's body was slumped over that of Martinez, which was in a seated position in the front passenger seat of the vehicle. Four photographs of the bodies were introduced at trial in order to illustrate the position of the bodies and the crime scene.

The evidence which connected the defendant to the homicides was the testimony of a witness, who stated at trial that he was privy to a conversation in the home of his brother-in-

law, in which the defendant told him the details of the crime and his reason for killing the victims.

Viewing the evidence in the light most favorable to the People, and giving due deference to the jury's finding with respect to credibility *(People v Malizia,* 62 NY2d 755, *cert denied* 469 US 932), it is clear that the evidence was sufficient to support the verdict. The witness's criminal history was fully presented to the jury, and defendant can point to nothing in the record which warrants disturbing the jury's finding with respect to that testimony, which was supported by the other evidence submitted.

It was not error for the trial court to admit in evidence the photographs of the victims' bodies. Photographs of the victim's corpse which are likely to arouse the passions of the jury should not be admitted unless they tend to prove or disprove some material fact in issue. *(People v Stevens,* 76 NY2d 833, 835.)* In the present case the photographs were properly admitted to illustrate the positioning of the bodies in order to show that Lopez' account of what defendant said comported with the physical evidence. Their probative value outweighed any potential prejudice *(cf., People v Bell,* 63 NY2d 796).

Evidence of uncharged crimes is admissible if the evidence tends to establish an element of the crime under consideration or is relevant because of a recognized exception to the general prohibition against the admission of such evidence. *(People v Alvino,* 71 NY2d 233, 241.)* The testimony concerning the defendant's and his mother's prior involvement with the male victim's drug business, was admissible for the purposes of completing the narrative and of demonstrating the defendant's motive to commit the crime *(People v Powell,* 157 AD2d 524, 524-525, *lv denied* 75 NY2d 923; *People v Conyers,* 160 AD2d 318, *lv denied* 76 NY2d 786). Concur—Ellerin, J. P., Wallach, Kupferman, Asch and Kassal, JJ.