■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOHAMMED USMAN, Appellant.—Judgment, Supreme Court, New York County (Jerome W. Marks, J.), rendered October 25, 1990, convicting defendant after a nonjury trial, of criminal possession of stolen property in the third degree, unauthorized use of a vehicle in the third degree, assault in the second degree and reckless endangerment in the first degree, and sentencing him, as a second felony offender, to concurrent prison terms of 2 to 4 years, 1 year, 3 to 6 years and 3 to 6 years, respectively, unanimously affirmed.

Sufficient evidence existed that the complainant police officer suffered a "physical injury" within the intent and mean-

ing of Penal Law § 10.00 (9) so as to sustain the conviction for assault in the second degree. The pain in the officer's neck, back and leg lasted for several days after she had been dragged by defendant's automobile, and required medication and missed several days of work because she was unable to turn her head completely *(see, People v Bogan,* 70 NY2d 860, 862-863).

The evidence was also sufficient to sustain the conviction for reckless endangerment in the first degree. Defendant deliberately accelerated the vehicle while the police officer's body was partially dragging on the road, and he changed lanes as the officer was being dragged, increasing the risk that she would lose her grip and be thrown under the wheels of defendant's car or into the path of other traffic. Viewing the evidence in the light most favorable to the People, such conduct evinced a conscious disregard of a substantial and unjustifiable risk of death to the officer *(see, People v Gatto,* 168 AD2d 296, *lv denied* 77 NY2d 877). Concur—Murphy, P. J., Sullivan, Rosenberger and Kassal, JJ.