■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DALE H. McGRATH, Appellant. [601 NYS2d 200] —Mahoney, J. Appeal from a judgment of the County Court of Albany County (Keegan, J.), rendered September 18, 1991, upon a verdict convicting defendant of the crimes of reckless endangerment in the first degree and criminal mischief in the second degree.

The convictions on appeal in this case stem from a June 22, 1990 incident when defendant, apparently angered when his girlfriend broke off their relationship and subsequently failed to attend a scheduled meeting with him to discuss the breakup, pursued her vehicle as it proceeded down U.S. Route 9 and the Northway in Saratoga and Albany Counties. In so doing, he swerved in and out of the rush-hour traffic cutting off her vehicle as well as other vehicles, ostensibly in an effort to get her to pull over, and on numerous occasions hit his car into the back of hers while both were traveling at high speed

down the Northway. On one occasion the impact was so severe that it caused the victim's car to stall. As she pulled the car off into the breakdown lane, defendant also pulled over and was seen taking a pipe out from the front seat. The victim was able to get her car started again and to pull out before defendant completed his approach. After the victim filed a complaint, defendant was arrested and indicted for reckless endangerment in the first degree and criminal mischief in the second degree. The matter ultimately proceeded to trial where a jury found him guilty as charged. Defendant was sentenced to concurrent prison terms of 3½ to 7 years, following which this appeal ensued.

Defendant initially contends that County Court erred in submitting both the reckless endangerment count and the criminal mischief count to the jury without providing the CPL 300.40 (5) charge. We disagree. CPL 300.40 (5) requires that in cases where the indictment contains two inconsistent counts and a verdict of guilty on either would be supported by sufficient evidence, the court must submit both counts to the jury in the alternative and instruct it that it can find the defendant guilty of only one of the charges. Obviously, a prerequisite to the applicability of CPL 300.40 (5) is that the two counts be *inconsistent,* that is, guilt of the offense charged in the one count must necessarily negate guilt of the offense charged in the other (CPL 300.30 [5]; *see, People v Gallagher,* 69 NY2d 525). In our view the two crimes at issue here are not inconsistent. A person is guilty of reckless endangerment in the first degree when, under circumstances evidencing a depraved indifference to human life, he or she "recklessly engages in conduct which creates a grave risk of death to another person" (Penal Law § 120.25). The crime of criminal mischief in the second degree is committed when, with intent to do so, one damages the property of another in an amount exceeding $1,500 (Penal Law § 145.10). We see nothing inconsistent about one acting with an intent to cause property damage while at the same time evidencing a conscious disregard for the risk of death created by those same actions *(cf., People v Moloi,* 135 AD2d 576, *lv denied* 70 NY2d 1009).

Nor do we find any merit to defendant's argument that the evidence adduced at trial was legally insufficient to establish that he acted recklessly and under circumstances evidencing a depraved indifference to human life so as to sustain the reckless endangerment conviction. Viewing the evidence in a light most favorable to the prosecution, we find eyewitness testimony that defendant was driving at excessive speeds,

weaving in and out of traffic in an effort to "cut off" the victim's car, and ramming his car into the rear of hers on several occasions, once with such force that it caused her car to stall, all while pursuing her down the Northway at highway speeds in heavy, rush-hour traffic. It cannot be doubted that such conduct is a gross deviation from the standard of conduct that a reasonable driver would observe so as to satisfy the element of recklessness (Penal Law § 15.05 [3]). Moreover, because of the likelihood that such conduct would result in a high-speed accident or in the victim losing control of her vehicle, there was also ample evidence from which it could be concluded that such actions created a grave risk of death and were imbued with the wantonness and degree of risk which is inherent in a finding of depraved indifference to human life (cf., People v Usman, 181 AD2d 628, lv denied 79 NY2d 1055; People v Gatto, 168 AD2d 296, lv denied 77 NY2d 877; People v Williams, 158 AD2d 253, lv denied 75 NY2d 971; People v McMillan, 149 AD2d 930, lv denied 74 NY2d 814).

We have reviewed defendant's remaining contentions and find them to be without merit. Inasmuch as a certain witness's testimony that defendant was "driving crazy on the Northway * * * either drunk or crazy * * * [and was] going to kill somebody" tended to establish an element of the crimes charged and served the purpose of completing her narrative of the events on the Northway, there was no error attendant to its admission (see, e.g., People v Alvino, 71 NY2d 233, 241-242; People v Ventimiglia, 52 NY2d 350; People v Garcia, 173 AD2d 399, lv denied 78 NY2d 1011). As a final matter, because the victim's past sexual conduct has absolutely no bearing on defendant's guilt of the charged crimes, County Court's actions in precluding cross-examination of her on this subject and in prohibiting the introduction of provocative photographs was in all respects proper (see, CPL 60.43).

Weiss, P. J., Levine, Mercure and Casey, JJ., concur. Ordered that the judgment is affirmed.