■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HILBERT TUNSTALL, Appellant. [603 NYS2d 86] —Cardona, J. Appeal from a judgment of the County Court of Sullivan County (Harris, J.), rendered December 19, 1990, upon a verdict convicting defendant of the crimes of burglary in the third degree, grand larceny in the fourth degree, reckless endangerment in the first degree and reckless endangerment in the second degree, and the traffic offense of improper exit from a limited access highway.

Following a jury trial, defendant was sentenced as a second felony offender to prison terms of 3½ to 7 years for burglary in the third degree, 2 to 4 years for grand larceny in the fourth degree, 3½ to 7 years for reckless endangerment in the first degree, one year for reckless endangerment in the second degree and 15 days for violation of Vehicle and Traffic Law § 1130. The sentence for the grand larceny conviction was to run concurrent with the other sentences, which were to run consecutive to one another.

The main contentions advanced on this appeal are that (1) the evidence adduced at trial was legally insufficient to sustain defendant's conviction for reckless endangerment in the first degree, (2) the cumulative effect of County Court's intervention during the trial deprived defendant of a fair trial, and (3) the sentence imposed upon defendant was harsh and excessive and constituted an improper penalty for exercising his right to trial.

A person is guilty of reckless endangerment in the first degree when, "under circumstances evincing a depraved indifference to human life, he recklessly engages in conduct which creates a grave risk of death to another person" (Penal Law § 120.25). The risk of injury alone sustains the prosecution *(People v Davis,* 72 NY2d 32, 36). The crime may be committed

whether the conduct is directed at a group of persons or at a particular individual *(see, supra).*

Defendant concedes that his driving conduct satisfied the element of recklessness. Defendant contends, however, that his conduct does not rise to the level of "depraved indifference to human life". We disagree. An automobile "may be used * * * in a wanton and callous manner, thereby posing a grave risk of death" *(People v Gomez,* 65 NY2d 9, 12).

In determining whether reckless endangerment in the first degree has been committed, " 'an objective assessment of the degree of risk presented by defendant's reckless conduct' " must be made *(People v Davis, supra,* at 36, quoting *People v Register,* 60 NY2d 270, 277, *cert denied* 466 US 953). The evidence, viewed in a light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620, 621), established that when confronted at the scene of the burglary, defendant refused to comply with Trooper Stephen Riordan's direction to stop and put his hands up. Defendant got into his car and drove straight at Riordan. Defendant then fled the scene, driving through the Village of Wurtsboro in Sullivan County (with a posted speed limit of 30 miles per hour) at speeds of 65 to 70 miles per hour. A 15- to 20-minute high-speed chase ensued. During this chase, defendant drove onto a limited access highway at speeds reaching 95 to 100 miles per hour, and at times proceeded in an eastbound direction while traveling in the westbound lane, causing several westbound motorists and the police to swerve their vehicles out of his way to avoid head-on collisions. There is sufficient evidence on the record presented here from which any rational trier of fact could have found beyond a reasonable doubt that defendant's actions created a grave risk of death and were imbued with the wantonness and degree of risk which is inherent in a finding of depraved indifference to human life *(see, People v Roe,* 74 NY2d 20, 23; *People v McGrath,* 195 AD2d 831).

An examination of the trial transcript shows that while the Trial Judge assumed a very active role, it does not appear that his actions and rulings favored either side to any appreciable degree *(see, People v Chandler,* 110 AD2d 970, 971), nor did he display bias or hostility toward defendant's case *(see, People v Jamison,* 47 NY2d 882). In short, it cannot be said that the Trial Judge "exceeded the proper bounds of [his] supervisory role during the trial" *(supra,* at 884). Therefore, the conduct of the Trial Judge did not deprive defendant of his right to a fair trial.

Defendant's contention that County Court punished him for

exercising his right to trial by imposing a harsher sentence than that offered during the plea negotiations lacks merit, inasmuch as there is no evidence in the record of personal animus or vindictiveness on the part of the court to sustain such a claim *(see, People v Simon,* 180 AD2d 866, 867, *lv denied* 80 NY2d 838). " 'The imposition of the sentence rests within the sound discretion of the trial court, and we should not interfere unless there has been a clear abuse of discretion or extraordinary circumstances' " *(supra,* at 866, quoting *People v Harris,* 57 AD2d 663). Defendant's sentence as a second felony offender was within the applicable statutory parameters *(see,* Penal Law § 60.20 [1] [c]; §§ 70.06, 70.15, 70.25). Given defendant's prior criminal history and the gravity of the crimes herein, it cannot be said that the sentence imposed was either harsh or excessive *(see, People v Szczepanski,* 172 AD2d 884, 886, *lv denied* 78 NY2d 957).

We have considered the arguments raised in defendant's supplemental *pro se* brief and find them to be either unpreserved for our review or without merit.

Mikoll, J. P., Mercure, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed.