■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO RODRIGUEZ, Appellant. [629 NYS2d 243] —Judgment, Supreme Court, New York County (Joan Carey, J.), rendered December 18, 1992, convicting defendant, after jury trial, of assault in the first degree (three counts) and reckless endangerment in the first degree, and sentencing him to concurrent terms of 5 to 15 years on two of the assault counts, a consecutive term of 5 to 15 years on the third assault count, and a concurrent term of $2^{1}/_{3}$ to 7 years on the reckless endangerment count, unanimously modified, on the law, to provide that all four sentences run concurrently, and otherwise affirmed.

Defendant, an unlicensed driver, was driving an unregistered and uninsured car in Brooklyn, and was being followed by a police car. Defendant attempted to elude the police by driving

across the Williamsburg Bridge at a high rate of speed, and then driving at speeds estimated as between 80 and 100 miles per hour through at least ten red lights on Delancey Street, whereupon his car smashed into another occupied by two nurse's aides, and a sanitation truck, severely injuring three people. Even though traffic was light during the early morning hour and the street dry and well lit, we hold that the evidence was legally sufficient to sustain the jury's finding that under circumstances evincing a depraved indifference to human life, defendant recklessly engaged in conduct that created a grave risk of death to another person (*see*, *People v Gomez*, 65 NY2d 9; *cf*., *People v France*, 57 AD2d 432).

Since the several assaults and the reckless endangerment convictions arose from a single act, the sentences must run concurrently (Penal Law § 70.25 [2]).

We have considered defendant's other contentions and find them to be without merit. Concur—Murphy, P. J., Rubin, Ross, Asch and Tom, JJ.