■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLENN AUGUSTAVE, Appellant. [728 NYS2d 92] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Spires, J.), rendered April 19, 1999, convicting him of reckless endangerment in the first degree, resisting arrest, aggravated unlicensed operation of a motor vehicle in the third degree, and unlawful operation of a motor vehicle on a public highway, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt of the charge of reckless endangerment in the first degree beyond a reasonable doubt is unpreserved for appellate review (see, CPL 470.05 [2]; People v Udzinski, 146 AD2d 245; People v Gray, 86 NY2d 10). In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt on that charge beyond a reasonable doubt. The defendant entered an unoccupied, idling vehicle at a gas station and started to drive away. The vehicle's owner tried to stop the defendant by grabbing his coat, but the defendant continued to drive. The owner was dragged for several feet before being thrown from the vehicle. A police chase ensued before the defendant was apprehended. The defendant, under circumstances evincing a depraved indifference to human life, recklessly engaged in conduct which created a grave risk of death to another person (see, Penal Law § 120.25; People v Usman, 181 AD2d 628).

Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt on the charge of reckless endangerment in the first degree was not against the weight of the evidence (see, CPL 470.15 [5]). Altman, J. P., H. Miller, Smith and Cozier, JJ., concur.