■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROVER A. RICHINS, Appellant. [814 NYS2d 816]—

Carpinello, J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered November 6, 2003, upon a verdict convicting defendant of the crimes of assault in the first degree (two counts), reckless endangerment in the first degree (two counts), aggravated unlicensed operation of a motor vehicle in the third degree and false personation.

On the evening of December 21, 2002, defendant was sitting in the driver's seat of a vehicle outside a particular residence when he was approached by a police officer investigating a report of suspected drug activity at that location. A friend was sitting in the passenger seat. Upon questioning, defendant could not produce any identification and in fact gave the officer a false name. Moreover, he was unable to provide any information about where he got the vehicle or the vehicle's owner. Suspecting that the vehicle was either stolen or being used without authorization, the officer instructed defendant to "sit tight" and went back to his police vehicle to investigate.

In the meantime, defendant sped away and led the officer on a high speed chase through various residential and city streets that culminated in a collision which seriously injured two of the four passengers in a minivan. After a jury trial, defendant was found guilty of two counts of assault in the first degree, two counts of reckless endangerment in the first degree, aggravated unlicensed operation of a motor vehicle in the third degree and false personation. Defendant was sentenced as a second felony offender to 25 years in prison with five years of postrelease supervision on the assault convictions and 3½ to 7 years on the reckless endangerment convictions, to run concurrently, with time served on the remaining convictions. Defendant now appeals and we affirm.

Defendant argues that the evidence presented at trial was legally insufficient to support his convictions of first degree assault and reckless endangerment in that the People failed to establish that he acted with depraved indifference to human life. Defendant's motions to dismiss at the close of the People's case and again at the close of all proof, based on other grounds, were insufficient to preserve this specific claim (*see People v Gray*, 86 NY2d 10, 19 [1995]). Moreover, we decline to reverse on this ground in the interest of justice (*see* CPL 470.15 [3] [c]; *see also People v Gomez*, 65 NY2d 9 [1985]; *People v Glanda*, 18 AD3d 956 [2005], *lv denied* 6 NY3d 754 [2005]; *People v Hoffman*, 283 AD2d 928 [2001], *lv denied* 96 NY2d 919 [2001]; *People v Rodriguez*, 217 AD2d 403 [1995], *lv denied* 87 NY2d 850 [1995]; *People v Tunstall*, 197 AD2d 791 [1993], *lv denied* 83 NY2d 811 [1994]; *People v Conyers*, 160 AD2d 318 [1990], *lv denied* 76 NY2d 786 [1990]; *People v Williams*, 158 AD2d 253 [1990], *lv denied* 75 NY2d 971 [1990]).

With respect to his claim that the verdict on these counts is against the weight of the evidence, upon the exercise of our factual review power (*see People v Bleakley*, 69 NY2d 490, 495 [1987]), we are unpersuaded. Evidence at trial established that

defendant, whose license had been suspended, was fleeing from the police officer to avoid arrest for an outstanding parole warrant. He was traveling at high rates of speed through residential and city streets at night—at times in excess of 80 miles per hour—despite repeated pleas by his passenger to stop the vehicle and let her out.

During the chase, in addition to ignoring the police officer's flashing lights and sirens, he traveled in the opposite lane of traffic on a major city thoroughfare, picked up speed in an area where traffic grew heavier, swerved around vehicles in an effort to avoid detention and neither stopped nor slowed at intersections and traffic signals. Defendant twice spun out of control during the chase, skidded sideways at one point and turned off his headlights at another point. He finally lost control while attempting to swerve around yet another vehicle causing him to cross the median and crash into the minivan. Given these facts, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]; *People v Wolz*, 300 AD2d 606 [2002], *lv denied* 1 NY3d 636 [2004]; *People v Walker*, 258 AD2d 541 [1999], *lv denied* 93 NY2d 880 [1999]; *see generally People v Gomez, supra*; *People v Glanda, supra*; *People v Hoffman, supra*; *People v Rodriguez, supra*; *People v Tunstall, supra*; *People v Conyers, supra*; *People v Williams, supra*).

Next, we find no abuse of discretion in County Court's *Sandoval* ruling permitting inquiry into two previous drug convictions as these convictions were indicative of his willingness to place his own interests above those of society (*see e.g. People v Porter*, 304 AD2d 845, 846-847 [2003], *lv denied* 100 NY2d 565 [2003]; *People v Beverly*, 220 AD2d 881, 884 [1995], *lv denied* 87 NY2d 898 [1995]). Moreover, defendant's contentions that the People committed a *Batson* violation during voir dire (*see Batson v Kentucky*, 476 US 79 [1986]) and overstepped the bounds of the *Sandoval* ruling thereby depriving him of a fair trial are unpreserved for review (*see* CPL 470.05 [2]). Moreover, we decline to reverse defendant's conviction in the interest of justice on either of these unpreserved issues (*see* CPL 470.15 [3] [c]).

Defendant's remaining contentions, including the claim that he received ineffective assistance of counsel and that this Court should reduce his sentence in the interest of justice, have been reviewed and found to be unpersuasive.

Crew III, J.P., Peters, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.