■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE CARTER, Appellant. [825 NYS2d 612]—

Appeal from a judgment of the Erie County Court (Timothy J. Drury, J.), rendered February 25, 2005. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the third degree (two counts) and a traffic infraction.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of, inter alia, two counts of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1], [4]). Contrary to the contention of defendant, County Court's *Sandoval* ruling, pursuant to which the prosecutor was permitted to cross-examine him regarding a prior drug conviction, did not constitute an abuse of discretion. That conviction was relevant in assisting the jury in evaluating defendant's credibility because the conviction demonstrates the willingness of defendant to place his own interests above those of society (*see People v Canto*, 31 AD3d 312 [2006]; *People v Richins*, 29 AD3d 1170, 1172 [2006], *lv denied* 7 NY3d 817 [2006]; *People v Siler*, 288 AD2d 625, 627 [2001], *lv denied* 97 NY2d 709 [2002]).

Defendant failed to preserve for our review his contention that the conviction of criminal possession of a weapon is not supported by legally sufficient evidence inasmuch as he failed to

make a sufficiently specific motion to dismiss (*see People v Gray*, 86 NY2d 10, 19 [1995]), and he also failed to preserve his contention for our review inasmuch as he failed to renew his motion after presenting evidence (*see People v Hines*, 97 NY2d 56, 61 [2001], *rearg denied* 97 NY2d 678 [2001]). In any event, the evidence is legally sufficient to support the conviction of criminal possession of a weapon based on the applicability of the automobile presumption (*see* Penal Law § 265.15 [3]; *People v Redden*, 27 AD3d 1173, 1174 [2006], *lv denied* 7 NY3d 793 [2006]; *People v Heizman*, 127 AD2d 609 [1987], *lv denied* 69 NY2d 950 [1987]), and we further conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Finally, defendant failed to "demonstrate the absence of strategic or other legitimate explanations" for defense counsel's alleged shortcomings (*People v Rivera*, 71 NY2d 705, 709 [1988]; *see People v Benevento*, 91 NY2d 708, 712-713 [1998]), and we therefore reject the further contention of defendant that he was denied effective assistance of counsel. Present—Hurlbutt, A.P.J., Gorski, Smith and Centra, JJ.