■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALI LOVE, Appellant. [830 NYS2d 723]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered March 29, 2004, convicting him of manslaughter in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his conviction of manslaughter in the first degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 20 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish that the defendant intended to cause serious physical injury to the victim and caused the victim's death (*see* Penal Law § 125.20 [1]; *People v Gill,* 20 AD3d 434 [2005]; *People v Lewis,* 300 AD2d 827, 828 [2002]; *People v Mills,* 287 AD2d 657, 658 [2001]; *People v Lapan,* 289 AD2d 698 [2001]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant's challenges to the prosecutor's summation are unpreserved for appellate review because the defense counsel either failed to make specific and timely objections, or failed to seek curative instructions or move for a mistrial when the trial court sustained the defense counsel's objections (*see* CPL 470.05 [2]; *People v Morris,* 2 AD3d 652 [2003]). In any event, to the extent that any remarks were improper, any error was harmless in light of the overwhelming evidence of the defendant's guilt (*see People v Crimmins,* 36 NY2d 230 [1975]; *People v McCray,* 30 AD3d 443, 444 [2006]; *People v Hernandez,* 297 AD2d 389 [2002]).

The defendant's contention that the Supreme Court gave erroneous instructions regarding reasonable doubt is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the charge, taken as a whole, did not constitute reversible error because it conveyed to the jury the correct rules to be applied in arriving at a verdict (*see People v Fields,* 87 NY2d 821, 823 [1995]; *People v Killebrew,* 297 AD2d 823, 824 [2002]; *People v Edwards,* 292 AD2d 393, 394 [2002]).

The defense counsel provided "meaningful representation" over the course of the trial (*People v Benevento,* 91 NY2d 708 [1998]; *see People v Anderson,* 24 AD3d 460 [2005]).

The defendant's remaining contention is unpreserved for appellate review and, in any event, does not require reversal. Mastro, J.P., Goldstein, Lifson and Carni, JJ., concur.