■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN M. GARING, Appellant. [831 NYS2d 255]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Hinrichs, J.), rendered February 13, 2004, convicting him of possessing a sexual performance by a child (23 counts), assault in the third degree (two counts), sexual abuse in the first degree (two counts), attempted sodomy in the first degree, and endangering the welfare of a child (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Since the defendant failed to demonstrate that he was substantially prejudiced by the late disclosure of certain *Rosario* material (*see People v Rosario*, 9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]), the defendant is not entitled to reversal of the judgment of conviction (*see* CPL 240.75; *People v Poladian*, 2 AD3d 755 [2003]; *People v King*, 298 AD2d 530, 530-531 [2002]; *People v Page*, 296 AD2d 427 [2002]).

Contrary to the defendant's contentions, the court providently exercised its discretion in admitting evidence regarding certain uncharged crimes since it was probative of the defendant's knowledge of his possession of and intent to possess images of child pornography (*see People v Allweiss*, 48 NY2d 40, 46-47 [1979]; *People v Molineux*, 168 NY 264, 293 [1901]; *People v Vega*, 23 AD3d 680 [2005]; *People v Dugger*, 236 AD2d 483, 483 [1997]). Moreover, this evidence regarding certain uncharged crimes was "inextricably interwoven" with otherwise admissible evidence of certain of the crimes charged and its probative value outweighed any possible prejudice (*People v Alvino*, 71 NY2d 233, 241-242 [1987]; *People v Mitchell*, 40 AD2d 117, 119 [1972]). While the preferred procedure may have been for the prosecutor to seek a pretrial hearing and ruling as to the admission of such uncharged crimes, the defendant did not demonstrate that he was prejudiced in any way by the timing of the ruling, and as such, it was within the court's discretion to admit such evidence despite the People's failure to provide advance notice of their intent to introduce such evidence (*see People v McLeod*, 279 AD2d 372 [2001]).

The defendant failed to preserve for appellate review his

contention that the court committed reversible error in connection with its charge to an individual juror who requested to speak to the judge to express that she was having difficulty making a decision, since he did not raise any objection to the court's instruction and in fact, agreed to such an instruction (*see* CPL 470.05 [2]). In any event, the trial court's charge to the juror to follow its prior instructions to the jury was proper, as it was neutral and did not seek to coerce the juror into accepting a particular view of the facts (*see People v Page*, 47 NY2d 968, 969-970 [1979], *cert denied* 444 US 936 [1979]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's challenges to the prosecutor's summation are unpreserved for appellate review because the defense counsel either failed to make specific and timely objections, or failed to seek curative instructions or move for a mistrial on the grounds now raised on appeal (*see* CPL 470.05 [2]; *People v Love,* 37 AD3d 618 [2007]). In any event, to the extent that any remarks were improper, any error was harmless in light of the overwhelming evidence of the defendant's guilt (*see People v Crimmins,* 36 NY2d 230 [1975]; *People v Love, supra*).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant failed to preserve for appellate review his remaining contention regarding the court's failure to sever the counts for possessing a sexual performance by a child and, in any event, that contention is without merit. Rivera, J.P., Skelos, Dillon and Covello, JJ., concur.