THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OMAR COLON, Appellant. [842 NYS2d 39]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered May 13, 1998, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19-21 [1995]; *People v Smith,* 303 AD2d 426 [2003]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Love,* 37 AD3d 618 [2007], *lv denied* 9 NY3d 847 [2007]; *People v Guerrier,* 291 AD2d 506 [2002]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant's objections to the allegedly prejudicial comments made by the prosecutor in his summation are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Singh,* 299 AD2d 498 [2002]), as are the defendant's objections to the prosecutor's questions, on cross-examination, as to whether defense witnesses were "making up" their stories as they testi-

fied, were telling the truth or lying, were telling the truth "this time," knew what the truth was, and were testifying as to what a gang instructed them to say, and whether the defendant agreed that his witnesses were lying. In any event, to the extent that any comments were improper, any error was harmless in light of the overwhelming evidence of the defendant's guilt (*see People v Crimmins*, 36 NY2d 230 [1975]; *People v Love, supra*; *People v Lawrence*, 4 AD3d 436 [2004]; *People v Singh, supra*; *People v McGlone*, 222 AD2d 529 [1995]).

Contrary to the defendant's contention, he was provided meaningful representation (*see People v Benevento*, 91 NY2d 708 [1998]).

The defendant's remaining contention is unpreserved for appellate review and, in any event, is without merit. Schmidt, J.P., Santucci, Krausman and McCarthy, JJ., concur.