■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDALL ASHLEY, Appellant. [845 NYS2d 539]—

Cardona, P.J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered December 8, 2005, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the third degree and the traffic infractions of failure to signal and illegally tinted windows.

On March 9, 2005 around 10:00 P.M., Sullivan County Sheriff's Detective Jason Gorr began following defendant's vehicle after he observed Andrew Hawkins, an individual he recognized as a participant in an undercover drug transaction the previous day, enter the passenger side of the car. Thereafter, defendant was pulled over for failure to use his right-hand turn signal (*see* Vehicle and Traffic Law § 1163 [b]) and for excessively tinted windows on the vehicle (*see* Vehicle and Traffic Law § 375 [12-a] [b] [2]). During the stop, Hawkins was seen reaching toward the floor of the passenger seat and, therefore, was removed from the vehicle. During the pat search of Hawkins, another officer observed defendant reaching across the console towards the passenger side of the car. Defendant was also removed and the passenger side of the vehicle was searched, revealing a loaded semiautomatic weapon hidden under the passenger seat.

Defendant's motion to suppress the evidence was denied and, following a joint trial with Hawkins, defendant was found guilty of criminal possession of a weapon in the third degree and both charged traffic infractions. Defendant was sentenced to seven years in prison for the weapon conviction and 15 days for each traffic violation.

We do not agree that County Court erred in failing to suppress the evidence seized during the traffic stop. First of all, defendant's contention that there was insufficient proof to establish any traffic violations is being raised for the first time on appeal and, therefore, not preserved for our review. In any event, Gorr's unrefuted testimony regarding the traffic violations he observed provided probable cause to warrant a stop of the vehicle, and any underlying investigatory motive behind the stop is immaterial (*see People v Robinson,* 97 NY2d 341, 349-350 [2001]; *People v Douglas,* 42 AD3d 756, 757 [2007], *lv denied* 9 NY3d 922 [2007]).

Furthermore, we find no error in the limited search of the passenger side of the vehicle where the loaded weapon was found. Although defendant and Hawkins were out of the vehicle, neither one was in handcuffs or restrained. Furthermore, the vehicle was followed from a drug trafficking area and Hawkins was a known participant in a recent drug transaction. These circumstances, together with the furtive behavior of both defendant and Hawkins reaching towards the passenger side of the vehicle during the traffic stop, provided a reasonable basis to justify the limited search of the vehicle (*see People v Mundo,* 99 NY2d 55, 59 [2002]; *People v Jones,* 39 AD3d 1169, 1171 [2007]).

Next, defendant's challenge to the legal sufficiency of the evi-

dence to support the conviction of criminal possession of a weapon in the third degree has not been preserved for our review by the generalized, nonspecific motion at the end of trial (*see People v White*, 41 AD3d 1036 [2007]; *People v Carter*, 34 AD3d 1342, 1342-1343 [2006], *lv denied* 8 NY3d 844 [2007]). In any event, were we to consider this issue, we would find that the testimony regarding the loaded weapon found in the car that defendant was driving was legally sufficient to support the conviction (*see* Penal Law former § 265.02 [4]) based upon the applicability of the automobile presumption (*see* Penal Law § 265.15 [3]; *People v Carter*, 34 AD3d at 1343; *People v Tabb*, 12 AD3d 951, 952 [2004], *lv denied* 4 NY3d 768 [2005]). Additionally, viewing the evidence in a neutral light, we conclude that the verdict was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]).

Next, we are unpersuaded that the sentence imposed, which was the maximum permitted by statute, was in retaliation for rejecting a plea offer and electing to go to trial. Rather, the record establishes that the sentence imposed was based upon the serious nature of the offense and other information contained in the presentence investigation report. To the extent that defendant challenges the sentence imposed as harsh and excessive, we find no abuse of discretion by County Court nor any extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v Wright*, 1 AD3d 707 [2003], *lv denied* 1 NY3d 636 [2004]).

Defendant's remaining contentions, to the extent that they are preserved for our review, are without merit.

Mercure, Crew III, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed.