(February 8, 2008)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLEN MACLEAN, Appellant. [850 NYS2d 819]—

Appeal from a judgment of the Livingston County Court (Dennis S. Cohen, J.), rendered October 24, 2006. The judgment convicted defendant upon a jury verdict of, inter alia, reckless endangerment in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment of Livingston County Court convicting him upon a jury verdict of, inter alia, reckless endangerment in the first degree (Penal Law § 120.25) arising from a high-speed chase that began in Monroe County and ended in Livingston County. We reject the contention of defendant that he was deprived of a fair trial when the court allowed the People to elicit evidence concerning uncharged crimes without first obtaining a *Ventimiglia* ruling. The court has discretion to admit evidence despite the failure of the People to provide advance notice of their intent to present such evidence (*see People v McLeod*, 279 AD2d 372 [2001], *lv denied* 96 NY2d 921 [2001]; *see generally People v Robinson*, 28 AD3d 1126, 1128 [2006], *lv denied* 7 NY3d 794 [2006]), particularly where the defendant was aware of the evidence (*see Robinson*, 28 AD3d at 1128; *People v Himko*, 239 AD2d 661, 662 [1997], *lv denied* 90 NY2d 906 [1997]). Also contrary to defendant's contention, the court properly allowed the People to present testimony with respect to those portions of the chase that oc-

curred in Monroe County because that conduct was "inextricably interwoven with the crime charged," and its probative value outweighed the possible prejudice to defendant (*People v Vails*, 43 NY2d 364, 368 [1977]; *see People v Garing*, 37 AD3d 849, 850 [2007], *lv denied* 8 NY3d 946 [2007]; *see also People v Gines*, 36 NY2d 932, 933-934 [1975]; *People v Miller*, 286 AD2d 981, 982 [2001], *lv denied* 97 NY2d 657 [2001]).

Defendant failed to preserve for our review his contention that he was deprived of a fair trial by prosecutorial misconduct based on the People's opening and closing statements (*see* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). We further conclude that the evidence is legally sufficient to support the conviction of reckless endangerment in the first degree (*see People v Rodriguez*, 217 AD2d 403 [1995], *lv denied* 87 NY2d 850 [1995]; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The record contains uncontroverted evidence that, while intoxicated, defendant drove down the middle of roads that were slippery with wet leaves at speeds ranging from 75 to 95 miles per hour, disregarded traffic signals, and caused three vehicles to pull off the road in order to avoid colliding with defendant's vehicle. The fact that "no one was seriously injured or killed [by defendant's conduct] was purely fortuitous and cannot inure to defendant's benefit" (*People v Williams*, 158 AD2d 253, 254 [1990], *lv denied* 75 NY2d 971 [1990]). We reject defendant's contention that the verdict with respect to reckless endangerment is against the weight of the evidence (*see Bleakley*, 69 NY2d at 495). The sentence is not unduly harsh or severe and, contrary to defendant's further contention, the certificate of conviction does not contain any errors, and thus it need not be amended (*cf. People v Fomby*, 42 AD3d 894, 896-897 [2007]; *People v Saxton*, 32 AD3d 1286 [2006]).

The remaining contentions of defendant are raised in his pro se supplemental brief, and we conclude that none requires reversal. Defendant contends that the court erred in considering the "pre-plea investigation report" as a basis for its sentencing determination. We conclude that defendant failed to preserve that contention for our review (*see* CPL 470.05 [2]). When the People moved for sentencing based on the "pre-plea investigation report" immediately after the jury returned its verdict, defendant discussed the matter with defense counsel and failed to object to the court's use of that report, instead stating that he would like to proceed with sentencing. In any event, defendant's contention lacks merit inasmuch as the "pre-plea investigation

report" contains all of the information required in a presentence report (see CPL 390.30; *People v Johnston,* 32 AD3d 556 [2006]; *see also People v Huntsman,* 296 AD2d 858 [2002], *lv denied* 99 NY2d 536, 615 [2002]).

The challenge by defendant to the court's bail order is not properly before us inasmuch as no appeal lies from a court's securing order (see Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 510.20). The further contentions of defendant concerning the court's jury charge are unpreserved for our review (see CPL 470.05 [2]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Finally, contrary to the contention of defendant, the court properly denied his request for substitution of assigned counsel. Defendant did not indicate that there was "a serious possibility of good cause for substitution" but, rather, made only vague assertions that defense counsel was not in frequent contact with him and did not aid in his defense (*People v Randle* [appeal No. 2], 21 AD3d 1341, 1341 [2005], *lv denied* 6 NY3d 757 [2005] [internal quotation marks omitted]; *see People v Sides,* 75 NY2d 822, 824 [1990]). Present—Scudder, P.J., Centra, Fahey, Green and Pine, JJ.