People v Savinetti (2020 NY Slip Op 04874)





People v Savinetti


2020 NY Slip Op 04874


Decided on September 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
ROBERT J. MILLER, JJ.


2019-05387
 (Ind. No. 1469/17)

[*1]The People of the State of New York, respondent,
v
Robert Savinetti, appellant.


Leon H. Tracy, Jericho, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (John B. Latella and Libbi L. Milher of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Nassau County (Terence P. Murphy, J.), rendered April 15, 2019, convicting him of reckless endangerment in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The defendant deliberately accelerated his vehicle as his girlfriend was running alongside it banging on the passenger side window and pulling on the door handle in an effort to get into the vehicle, thereby placing her at risk of being dragged or falling underneath the vehicle, which is exactly what happened. Contrary to the defendant's contention, such conduct evinced an awareness of, and conscious disregard of, a substantial and unjustifiable risk of serious physical injury to another person (see Penal Law §§ 120.20, 15.05[3]; People v Asaro, 21 NY3d 677, 684; People v Usman, 181 AD2d 628). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
BALKIN, J.P., CHAMBERS, ROMAN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court