■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRIAN McLEOD, Appellant. [719 NYS2d 557] —Judgment, Supreme Court, Bronx County (Patricia Williams, J., on preclusion order; Lawrence Tonetti, J., at jury trial and sentence), rendered February 24, 1999, convicting defendant of attempted assault in the second degree, and sentencing him to a term of 5 years probation, unanimously affirmed.

The court properly exercised its discretion in admitting certain uncharged crimes evidence notwithstanding the People's failure to provide advance notice of their intent to offer this evidence. While it would have been the better practice had the People sought an advance ruling (*see, People v Ventimiglia,* 52 NY2d 350, 356, 361-362), this evidence was plainly admissible pursuant to *People v Molineux* (168 NY 264), as defendant concedes on appeal, and defendant has not established that the lack of an advance ruling caused him any prejudice (*see, People v Sibadan,* 240 AD2d 30, 37, *lv denied* 92 NY2d 861). Unlike uncharged crimes offered to impeach a defendant's credibility, neither CPL 240.43 nor any other statute provides for discovery of uncharged crimes offered under a *Molineux* theory (*see, People v Travis,* 273 AD2d 544, 545-546).

Defendant, alleging that a prior Justice had prospectively precluded the People from introducing any undisclosed *Molineux* evidence, also argues that the uncharged crimes evidence was admitted in violation of the doctrine of "law of the case." The trial court had discretion to make its own determination as to the admissibility of the challenged testimony (*see, People v Evans,* 94 NY2d 499).

The court's limiting instructions concerning the uncharged crimes evidence properly conveyed to the jury the purpose of this testimony, and the court was not obligated to instruct the jury in the language requested by defendant. Concur—Sullivan, P. J., Rosenberger, Tom, Ellerin and Friedman, JJ.