■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH LAWRENCE, Appellant. [812 NYS2d 199]—

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered May 29, 2002. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Onondaga County Court for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him of criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]), defendant contends that he was denied effective assistance of counsel at sentencing. We agree. When asked at sentencing whether he wished to speak on defendant's behalf, defense counsel replied: "Yes. [Defendant], pursuant to a deal we made, was supposed to get a determinant [*sic*] sentence of four years but [he] failed to contact me, failed to appear in court and has failed to do any other of the responsibilities that you outlined for him back when we were in court back in March. And I have explained that to him several times. I could not reach [defendant]. And in my experience with [defendant], he has showed up in my office intoxicated, threatening me and my secretary. That is all I have, your Honor."

Based on those remarks, we conclude that defense counsel "essentially[ ] became a witness against [defendant] and took a position adverse to him," thereby denying him effective assistance of counsel (*People v Caccavale*, 305 AD2d 695, 695 [2003];

*see People v Coleman*, 294 AD2d 843, 843-844 [2002]; *People v Burton*, 251 AD2d 1020 [1998]). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court for the assignment of new counsel and resentencing. Present—Pigott, Jr., P.J., Hurlbutt, Martoche, Pine and Hayes, JJ.