■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHEID K. LOTT, Appellant. [864 NYS2d 626]—

Appeal from a judgment of the Supreme Court, Erie County (Penny M. Wolfgang, J.), rendered September 25, 2006. The judgment convicted defendant, upon a jury verdict, of attempted murder in the second degree, assault in the first degree, kidnapping in the second degree, criminal use of a firearm in the first degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of criminal possession of a weapon in the second degree and dismissing count nine of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]). We previously reversed the judgment convicting defendant of identical charges and granted defendant a new trial based on our determination that he was denied the right to counsel (*People v Lott,* 23 AD3d 1088 [2005]). Defendant now contends that he was denied effec-

tive assistance of counsel because he had been acquitted of attempted robbery in the first degree under the fourth count of the indictment at the first trial, but defense counsel failed to seek dismissal of that count at the retrial and it was submitted to the jury. We reject that contention. Although "[a] single error may qualify as ineffective assistance [when such] . . . error is sufficiently egregious and prejudicial as to compromise a defendant's right to a fair trial" (*People v Caban,* 5 NY3d 143, 152 [2005]; *see People v Hobot,* 84 NY2d 1021, 1022 [1995]), that cannot be said here. We agree with defendant that defense counsel erred in failing to seek dismissal of the attempted robbery count (*see generally People v Gravesandy,* 221 AD2d 465 [1995], *lv denied* 87 NY2d 921 [1996]). Nevertheless, defendant at the retrial was again acquitted of that count, and the evidence presented at the retrial with respect to the alleged attempted robbery would have been admissible even had the count been dismissed. Thus, "[u]nder any view of the record in this case, [defense] counsel's omission did not prejudice the defense or defendant's right to a fair trial" (*Hobot,* 84 NY2d at 1024).

Contrary to the further contention of defendant, Supreme Court properly determined that his testimony at the first trial could be used for impeachment purposes in the event that he elected to testify at the retrial (*see People v Pilbeam,* 209 AD2d 934 [1994], *lv denied* 86 NY2d 739 [1995]; *see generally People v Maerling,* 64 NY2d 134, 140 [1984]). In addition, viewing the evidence in the light most favorable to the People, as we must (*see People v Contes,* 60 NY2d 620, 621 [1983]), we conclude that it is legally sufficient to support the conviction (*see generally People v Bleakley,* 69 NY2d 490, 495 [1987]). Further, the verdict is not against the weight of the evidence (*see generally id.*). Also contrary to defendant's contention, the court properly determined that statements made by the victim at the hospital while awaiting surgery to repair six gunshot wounds were admissible as excited utterances (*see People v Parsons,* 13 AD3d 1099, 1100 [2004], *lv denied* 4 NY3d 801, 855 [2005]).

Defendant failed to preserve for our review his contention that the court's *Sandoval* ruling constituted an abuse of discretion (*see People v Robles,* 38 AD3d 1294, 1295 [2007], *lv denied* 8 NY3d 990 [2007]), as well as his contention that the count of criminal use of a firearm in the first degree should be dismissed as a noninclusory concurrent count of assault in the first degree (*see generally People v McLaurin,* 27 AD3d 1117 [2006], *lv denied* 7 NY3d 759 [2006]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Although defendant

failed to preserve for our review his further contention that the count of criminal possession of a weapon in the second degree (Penal Law § 265.03 [former (2)]) should be dismissed as an inclusory concurrent count of criminal use of a firearm in the first degree (§ 265.09 [1] [a]), preservation of that contention is not required (*see People v Moore*, 41 AD3d 1149, 1152 [2007], *lv denied* 9 NY3d 879, 992 [2007]). We conclude that defendant's contention has merit (*see People v Fowler*, 45 AD3d 1372, 1374 [2007], *lv denied* 9 NY3d 1033 [2008]), and we therefore modify the judgment accordingly.

The People met their burden of proving that defendant had been subjected to two or more violent predicate felony convictions, and the court thus was not required to conduct a hearing before determining that defendant was a persistent violent felony offender (*see* CPL 400.15 [4]; 400.16 [2]; *People v Williams*, 30 AD3d 980, 983 [2006], *lv denied* 7 NY3d 852 [2006]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Hurlbutt, Martoche, Green and Gorski, JJ.