Appeal from a judgment of the Supreme Court, Monroe County (Joseph D. Valentino, J.), entered July 20, 2005. The judgment convicted defendant, upon a nonjury verdict, of murder in the second degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him following a nonjury trial of murder in the second degree (Penal Law § 125.25 [1]). We reject the contention of defendant in his main brief that he was denied effective assistance of counsel (see generally People v Baldi, 54 NY2d 137, 147 [1981]). Defendant failed to meet his burden of demonstrating “ ‘the absence of strategic or other legitimate explanations’ for [defense] counsel’s alleged shortcomings” (People v Benevento, 91 NY2d 708, 712 [1998]). Indeed, defense counsel’s coherent strategy at trial to cast doubt on the forensic procedures used by the prosecution’s witnesses is apparent from the record (see People v Hewlett, 71 NY2d 841, 842 [1988]). We further conclude that defense counsel’s failure to call a rebuttal expert witness did not constitute ineffective assistance of counsel absent a showing that the expert’s testimony would have assisted the trier of fact or that defendant was prejudiced by the absence of such testimony (see People v Brandi E., 38 AD3d 1218, 1219 [2007], lv denied 9 NY3d 863 [2007]). Contrary to defendant’s contention, defense counsel’s comments at the sentencing hearing were neither adverse to defendant’s position, nor amounted to defense counsel becoming a witness against defendant (cf. People v Lawrence, 27 AD3d 1091 [2006]). The remaining contentions of defendant in his main and pro se supplemental briefs are without merit. Present—Scudder, P.J., Hurlbutt, Fahey, Peradotto and Pine, JJ.