Judgment, Supreme Court, New York County (Ronald A. Zweibel, J., at suppression motion; Daniel McCullough, J., at jury trial and sentencing), rendered August 3, 2011, convicting defendant of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 2V2 to 5 years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury’s credibility determinations, including its resolution of alleged inconsistencies in the officers’ testimony.
The court properly denied defendant’s motion to suppress physical evidence, without granting a hearing, because his motion papers did not raise an issue of fact as to probable cause for his arrest (see People v Mendoza, 82 NY2d 415 [1993]). Defendant’s assertion that he was “not engaged in any criminal activity at the time of, or immediately prior to his arrest” did not controvert the specific information that was provided by the People concerning the basis for the arrest. Defendant did not address these allegations or raise a factual dispute requiring a hearing (see e.g. People v Cartwright, 65 AD3d 973 [1st Dept 2009], lv denied 13 NY3d 937 [2010]). In context, it was not even clear what, if any, portion of the events leading up to defendant’s arrest was intended to be addressed by the phrase “immediately prior to his arrest.”
Defendant failed to preserve his claim that the court should have given the jury a circumstantial evidence charge, and we decline to review it in the interest of justice. As an alternative holding, we find that no such charge was necessary, because the People’s case was not based entirely on circumstantial evidence. The fact that the jury was called upon to draw inferences from the evidence did not require a circumstantial evidence charge (see People v Roldan, 88 NY2d 826 [1996]; People v Daddona, 81 NY2d 990 [1993]).
For similar reasons, we reject defendant’s ineffective assistance of counsel claim. The fact that counsel did not request a circumstantial evidence charge met an objective standard of reasonableness, and the absence of such a charge did not deprive *559 defendant of a fair trial or affect the outcome (see People v Benevento, 91 NY2d 708, 713-714 [1998]; Strickland v Washington, 466 US 668 [1984]).
Concur — Tom, J.E, Friedman, Manzanet-Daniels, Gische and Clark, JJ.