■ The People of the State of New York, Respondent, v Blu Vaz, Appellant. [988 NYS2d 179]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered February 15, 2011, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of two years, unanimously affirmed.

The court properly exercised its discretion in denying defendant's belated mistrial motion, made after a detective revealed defendant's involvement in an uncharged crime. The court gave curative instructions that were sufficient to prevent any prejudice (*see People v Santiago*, 52 NY2d 865 [1981]), and which the jury is presumed to have followed (*see People v Davis*, 58 NY2d 1102, 1104 [1983]). Although the prosecutor should have sought an advance ruling before introducing this testimony, the drastic remedy of a mistrial was not warranted, particularly since defense counsel allowed the prosecutor to continue questioning the detective about defendant's prior arrest and raised no objection until after the completion of the detective's direct examination (*see People v Maschi*, 49 NY2d 784 [1980]).

The evidence at a *Hinton* hearing established an overriding interest that warranted a limited closure of the courtroom (*see Waller v Georgia*, 467 US 39 [1984]). The undercover officer's testimony, including testimony that he expected to continue

working undercover in the vicinity of defendant's arrest, established a substantial probability that his undercover status and safety would be jeopardized by testifying in an open courtroom (*see People v Echevarria*, 21 NY3d 1, 12-14 [2013]). Defendant did not preserve his specific claims regarding the manner in which the court made its ruling, including his claim that the court employed irrelevant or inappropriate criteria (*see e.g. People v Doster*, 13 AD3d 114, 115 [2004], *lv denied* 4 NY3d 763 [2005]), and we decline to review them in the interest of justice. As an alternative holding, we find that these claims do not warrant reversal.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's resolution of a conflict between field and laboratory tests for controlled substances. Concur—Tom, J.P., Moskowitz, DeGrasse, Manzanet-Daniels and Clark, JJ.