# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

560
KA 14-00979
PRESENT: SMITH, J.P., CARNI, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

RASHEED JACKSON, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered June 3, 2013. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree and reckless endangerment in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and reckless endangerment in the first degree (§ 120.25). We reject defendant's contention that the evidence is legally insufficient to support the conviction. "It is well settled that, even in circumstantial evidence cases, the standard of appellate review of legal sufficiency issues is whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the fact finder on the basis of the evidence at trial, viewed in the light most favorable to the People" (*People v Moore* [appeal No. 2], 78 AD3d 1658, 1659 [internal quotation marks omitted]). Here, "the element of identity was established by a compelling chain of circumstantial evidence that had no reasonable explanation except that defendant was . . . [one of the shooters]" (*People v Daniels*, 125 AD3d 1432, 1433, *lv denied* 25 NY3d 1071, *reconsideration denied* 26 NY3d 928). We further conclude that, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

With respect to defendant's contention that he was deprived of effective assistance of counsel, we note at the outset that, so long as "the evidence, the law, and the circumstances of a particular case,

viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation," counsel's performance will not be found ineffective (*People v Baldi*, 54 NY2d 137, 147). Applying that standard, we conclude that defendant's contention is without merit. First, although counsel failed to request a circumstantial evidence charge, the court "otherwise properly instructed the jury with respect to the burden of proof" (*People v Torturica* [appeal No. 2], 23 AD3d 1040, 1041, *lv denied* 6 NY3d 819), and we conclude that the absence of a complete circumstantial evidence charge "did not deprive defendant of a fair trial or affect the outcome" (*People v Way*, 115 AD3d 558, 558-559, *lv denied* 24 NY3d 1048). Second, defendant failed to meet his burden of establishing that counsel was ineffective with respect to the court's suppression ruling covering certain identification evidence. In our view, counsel made every effort to suppress the identification evidence and, inasmuch as it eventuated that such evidence was not introduced at trial, we see no basis for faulting counsel's performance (*see People v Lott*, 55 AD3d 1274, 1275, *lv denied* 11 NY3d 898, *reconsideration denied* 12 NY3d 760).

Third, contrary to defendant's contention, defense counsel in fact challenged the introduction in evidence at trial of defendant's grand jury testimony. In any event, "defendant's waiver of immunity before his appearance in the [g]rand [j]ury contemplated the utilization of his testimony in any later proceeding in which it became material" (*People v Thomas*, 300 AD2d 1034, 1035, *lv denied* 99 NY2d 633 [internal quotation marks omitted]). Similarly, defendant's fourth and final ground for alleging ineffective assistance of counsel is belied by the record inasmuch as counsel objected to the prosecutor's use of a PowerPoint slide presentation on summation. In any event, we conclude that County Court properly determined that the prosecutor's use of the slide presentation, as well as the attendant commentary thereon, was "either a fair response to defense counsel's summation or fair comment on the evidence" (*People v Lyon*, 77 AD3d 1338, 1339, *lv denied* 15 NY3d 954 [internal quotation marks omitted]; *see People v Weaver*, 118 AD3d 1270, 1271, *lv denied* 24 NY3d 965).

Finally, the sentence is not unduly harsh or severe.

Entered: June 17, 2016                    Frances E. Cafarell
                                          Clerk of the Court