■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TWANEK CUMMINGS, Appellant. [43 NYS3d 293]—

Judgment, Supreme Court, New York County (Ruth Pickholz, J., at jury selection; Bruce Allen, J., at remainder of trial and sentencing), rendered January 16, 2014, convicting defendant of assault in the first degree, two counts of attempted assault in the first degree, two counts of criminal possession of a weapon in the second degree, and two counts of assault in the second degree, and sentencing him, as a second felony offender, to an aggregate term of 18 years, unanimously affirmed.

The court providently admitted, as an excited utterance, the statement of an unidentified bystander, audible on the 911 call made by one of the victims, that implicated defendant. All of the circumstances—most significantly that the statement was made immediately after the shooting—established a strong likelihood that the declarant observed the shooting (*see People v Fratello*, 92 NY2d 565, 571 [1998], *cert denied* 526 US 1068 [1999]).

Although a contrary ruling on the excited utterance issue had been made by a previous judge, who presided over part of jury selection but was unable to continue because of illness, this circumstance did not foreclose the successor judge's ruling by operation of the law of the case doctrine. The ruling was evidentiary and did not fall within the ambit of that doctrine (*see People v Evans*, 94 NY2d 499 [2000]). Defendant does not dispute that this was the type of ruling that, under *Evans*, may be revisited by a successor judge in a retrial. We see no reason to apply a different rule where there are successive judges in the same trial (*see People v Johnson*, 301 AD2d 462 [1st Dept 2003], *lv denied* 99 NY2d 655 [2003]; *People v McLeod*, 279 AD2d 372 [1st Dept 2001], *lv denied* 96 NY2d 921 [2001]).

In any event, any error in admitting the declaration was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]).

We have considered and rejected defendant's pro se challenge to the sufficiency of the evidence. Concur—Mazzarelli, J.P., Friedman, Acosta, Andrias and Moskowitz, JJ.