■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VIRGIL R. BROWN, Appellant. [59 NYS3d 234]—

Appeal from a judgment of the Erie County Court (Kenneth F. Case, J.), rendered April 14, 2014. The judgment convicted

defendant, upon a jury verdict, of predatory sexual assault against a child.

It is hereby ordered that the judgment so appealed from is unanimously modified on the law by vacating the sentence, and as modified the judgment is affirmed, and the matter is remitted to Erie County Court for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting him upon a jury verdict of predatory sexual assault against a child (Penal Law § 130.96), defendant contends that he did not validly waive the right to be present at trial. We reject that contention. It is well settled that "the right to be present is clearly waivable under both the Federal and State Constitutions" (*People v Epps*, 37 NY2d 343, 349 [1975], *cert denied* 423 US 999 [1975]; *see generally People v Rossborough*, 27 NY3d 485, 488-489 [2016]), and that, "for the waiver to be effective, the record must reveal that the defendant was aware that he had the right to be present and that the trial would proceed in his absence" (*People v McGee*, 161 AD2d 1195, 1195 [1990], *lv dismissed* 76 NY2d 861 [1990]; *see People v Parker*, 57 NY2d 136, 141 [1982]; *People v Tucker*, 261 AD2d 877, 877-878 [1999], *lv denied* 94 NY2d 830 [1999]). Here, the record establishes that defendant signed written *Parker* warnings, and he was informed at the time that he signed them that they encompassed the situation that later occurred during trial, when he declined to leave his jail cell and come to court. In addition, after defendant initially refused to come to court from the jail on the first day of trial, County Court directed that he be brought to the courtroom by force if necessary and, after defendant arrived in the courtroom, the court explained to him at length his right to be present at trial. Contrary to defendant's contention, the court advised defendant that he had a right to be present for trial and that it was in his interests to do so, but defendant eventually stated that "I'm not going to attend this trial. To me it's illegal."

We reject defendant's contention that the court should have directed that he be brought to court daily to ascertain whether he had changed his mind. The court properly determined that defendant "had waived his right to be present at various stages of his trial by refusing to be produced in the courtroom . . . Defendant was not entitled to set conditions under which he would agree to come out of the holding cell" (*People v Romance*, 35 AD3d 201, 202 [2006], *lv denied* 8 NY3d 926 [2007]). Defendant's further contention that CPL 340.50 (2) mandates that he sign a waiver of the right to be present at trial is without merit. That statute is part of Title K of the Criminal

Procedure Law, which applies to prosecutions in local court. Defendant, however, was prosecuted in a superior court. Title J, which governs prosecutions of indictments in superior courts, has no such requirement (*see* CPL 260.20), and it is well settled that an oral waiver of the right to be present is sufficient (*see e.g. People v Chandler*, 224 AD2d 992, 993 [1996], *lv denied* 88 NY2d 845 [1996]). We have considered defendant's remaining contentions concerning his waiver of the right to be present at trial and we conclude that they are without merit.

We reject defendant's contentions that the conviction is not supported by legally sufficient evidence and that the verdict is contrary to the weight of the evidence. The evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), is legally sufficient to support the conviction (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]) and, viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Defendant further contends that the court erred in denying his *Payton* motion, in which he sought to suppress statements that he made when he was taken into custody and the results of DNA tests that were performed upon evidence seized from him while he was in custody. With respect to defendant's challenge to the statements that he made when taken into custody, the only statement from defendant that was introduced at trial was defendant's date of birth. The People, however, also introduced the testimony of defendant's older sister regarding his date of birth, along with defendant's birth certificate. Thus, any error in admitting defendant's statement is harmless because it "[was] largely duplicative of the properly admitted" evidence (*People v Borukhova*, 89 AD3d 194, 216 [2011], *lv denied* 18 NY3d 881 [2012], *denied reconsideration* 18 NY3d 955 [2012]; *see People v Smith*, 42 AD3d 553, 553 [2007], *lv denied* 9 NY3d 1039 [2008]; *People v Higgins*, 299 AD3d 841, 842 [2002], *lv denied* 99 NY2d 615 [2003]), the remaining, properly admitted evidence of guilt is overwhelming, and there is no reasonable possibility that the jury would have acquitted him if the statement was suppressed (*see generally People v Crimmins*, 36 NY2d 230, 237 [1975]).

With respect to the DNA evidence, defendant's DNA was developed from a sample taken upon court order issued approximately eight months after defendant was arrested. On appeal, defendant has failed to establish, or indeed present any

argument, that such sample was an unattenuated byproduct of the allegedly unlawful arrest. Thus, because the DNA evidence was seized pursuant to an intervening court order based on an unchallenged finding of probable cause, "the connection between [any allegedly] lawless conduct of the police and the discovery of the challenged evidence has 'become so attenuated as to dissipate the taint' " (*Wong Sun v United States*, 371 US 471, 487 [1963]; *see generally Johnson v Louisiana*, 406 US 356, 365 [1972]; *People v Allah*, 140 AD2d 613, 613 [1988], *lv denied* 72 NY2d 915 [1988], *cert denied* 490 US 1026 [1989]).

Inasmuch as no other evidence that was the subject of the suppression hearing was introduced at trial, we reject defendant's contention that he was deprived of effective assistance of counsel based on his attorney's performance at that hearing. In our view, "counsel made every effort to suppress the . . . evidence and, inasmuch as it eventuated that such evidence was not introduced at trial, [there is] no basis for faulting counsel's performance" (*People v Jackson*, 140 AD3d 1771, 1772 [2016], *lv denied* 28 NY3d 931 [2016]; *see generally People v Lott*, 55 AD3d 1274, 1275 [2008], *lv denied* 11 NY3d 898 [2008], *denied reconsideration* 12 NY3d 760 [2009]). Thus, "[u]nder any view of the record in this case, [defense] counsel's [performance at the hearing] did not prejudice the defense or defendant's right to a fair trial" (*People v Hobot*, 84 NY2d 1021, 1024 [1995]).

We also reject defendant's further contention that defense counsel was ineffective in failing to move for a *Dunaway* hearing " 'where, as here, such [a motion] was potentially futile' " (*People v Smith*, 128 AD3d 1434, 1434-1435 [2015], *lv denied* 26 NY3d 1011 [2015]; *see People v Jackson*, 48 AD3d 891, 893-894 [2008], *lv denied* 10 NY3d 841 [2008]; *People v Polanco*, 13 AD3d 100, 101 [2004], *lv denied* 4 NY3d 802 [2005]).

Based on defense counsel's remarks at sentencing, however, we conclude that defense counsel "essentially[ ] became a witness against [defendant] and took a position adverse to him," thereby denying him effective assistance of counsel at sentencing (*People v Caccavale*, 305 AD2d 695, 695 [2003]; *see People v Lawrence*, 27 AD3d 1091, 1091-1092 [2006]). We therefore modify the judgment by vacating the sentence, and we remit the matter to County Court for the assignment of new counsel and resentencing. Present—Smith, J.P., Centra, Peradotto, Lindley and NeMoyer, JJ.