People v Harris (2018 NY Slip Op 04667)

People v Harris

2018 NY Slip Op 04667 [31 NY3d 1183]

June 26, 2018

Court of Appeals

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, October 3, 2018

[*1]

The People of the State of New York, Respondent,
v
William Harris, Appellant.

Argued June 7, 2018; decided June 26, 2018

People v Harris, 53 Misc 3d 153(A), 2016 NY Slip Op 51727(U), reversed.

APPEARANCES OF COUNSEL

Kramer Levin Naftalis & Frankel LLP, New York City (Daniel P. Schumeister of counsel), and Seymour W. James, Jr., The Legal Aid Society, New York City (David Crow of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn (Rebecca L. Visgaitis and Leonard Joblove of counsel), for respondent.

{**31 NY3d at 1184} OPINION OF THE COURT

Memorandum.
The order of the Appellate Term should be reversed and a new trial ordered.
At the conclusion of defendant's bench trial on a class B misdemeanor offense and related charges, the trial court announced it would exercise its "prerogative" not to hear closing {**31 NY3d at 1185}arguments. Even though the court previously granted the parties permission to deliver summations, it rescinded that ruling and issued a specific ruling denying defendant the opportunity for closing remarks. The court immediately rendered a verdict, finding defendant guilty of attempted criminal possession of a controlled substance in the seventh degree, and sentenced defendant to 90 days in jail. The Appellate Term affirmed the judgment, rejecting defendant's claim that the denial of summation violated his Sixth Amendment right to counsel under Herring v New York (422 US 853 [1975]) as unpreserved (53 Misc 3d 153[A], 2016 NY Slip Op 51727[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016]). A Judge of this Court granted leave to appeal (29 NY3d 949 [2017]).
[1] We conclude that defendant's claim is reviewable on appeal. The trial court, in specifically ruling that defendant's permission to deliver a summation was rescinded and concomitantly rendering a verdict, deprived defense counsel of a practical ability to timely and meaningfully object to the court's ruling of law (see People v [*2]Carter, 63 NY2d 530, 533 [1984]; People v Rosen, 81 NY2d 237, 245 [1993]; People v Conceicao, 26 NY3d 375, 382 [2015]).
[2] Turning to the merits, the United States Supreme Court has held that New York's former CPL 320.20 (3) (c) violated a defendant's Sixth Amendment right to counsel by allowing the trial court the discretion whether to grant defense counsel the opportunity to give a summation in nonjury trials on indictments (see Herring, 422 US at 865; compare CPL 350.10 [3] [c]).[FN*] In this single judge trial on a class B misdemeanor, the trial court's imposition of a sentence of 90 days in jail required that defendant be afforded the right to counsel at the trial under the Sixth Amendment (see Scott v Illinois, 440 US 367, 373-374 [1979]; Argersinger v Hamlin, 407 US 25, 37 [1972]). That right was violated when the court denied defense counsel the opportunity to present a summation (see Herring, 422 US at 865).
Chief Judge DiFiore and Judges Rivera, Stein, Fahey, Garcia, Wilson and Feinman concur.{**31 NY3d at 1186}
Order reversed and a new trial ordered, in a memorandum.

Footnotes

Footnote *:In the trial court, defendant never raised the constitutionality of CPL 350.10 and the court made no mention of the statute in its ruling. Our analysis is limited to the facts in this case and we do not address the constitutionality of the statute as applied to other nonjury trials that may not involve a deprivation of liberty. Similarly, defendant never argued that the denial of an opportunity to deliver summations violated his statutory right to counsel (see CPL 170.10).