People v Caceres (2019 NY Slip Op 02427)





People v Caceres


2019 NY Slip Op 02427


Decided on March 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2019

Renwick, J.P., Richter, Kapnick, Kahn, Oing, JJ.


473/10 8829 8828

[*1]The People of the State of New York, Respondent,
v
Juan Caceres, Defendant-Appellant.


Christina A. Swarns, Office of the Appelate Defender, New York (David Billingsley of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Beth Fisch Cohen of counsel), for respondent.



Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered March 1, 2011, as amended April 13, 2011, convicting defendant, after a jury trial, of rape in the second degree, endangering the welfare of a child and criminal contempt in the second degree, and sentencing him to an aggregate term of seven years, unanimously affirmed.
The verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility and the evaluation of expert testimony. The victim's testimony was extensively corroborated by other evidence.
After the victim testified about an uncharged incident of sexual abuse, the court providently exercised its discretion when it denied defendant's belated motion for the unduly drastic remedy of a mistrial, and instead offered to strike the testimony and deliver a curative instruction. Although the prosecutor should have sought an advance ruling (see People v Ventimiglia, 52 NY2d 350, 361-62 [1981]), the evidence was admissible as background information to place the events in context and explain the victim's delay in reporting the charged criminal conduct (see e.g. People v Nicholson, 26 NY3d 813, 829 [2016]), and the lack of a Ventimiglia hearing did not cause defendant any prejudice (see People v McLeod, 279 AD2d 372 [1st Dept 2001], lv denied 96 NY3d 921 [2001]). In any event, striking the testimony would have been more than sufficient (see People v Vaz, 118 AD3d 587 [1st Dept 2014], lv denied 24 NY3d 1089 [2014]), but defense counsel declined that remedy because he did not want to be precluded from cross-examining the victim on her recantation of the uncharged allegation.
Defendant's challenges to the People's summation are unpreserved, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-120 [1st Dept 1992], lv denied 81 NY2d 884 [1993]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 28, 2019
CLERK