People v Brown (2019 NY Slip Op 09133)





People v Brown


2019 NY Slip Op 09133


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


1003 KA 18-00465

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
VIRGIL BROWN, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (DEBORAH K. JESSEY OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a resentence of the Erie County Court (Kenneth F. Case, J.), rendered February 2, 2018. Defendant was resentenced upon his conviction of predatory sexual assault against a child. 
It is hereby ORDERED that the resentence so appealed from is unanimously affirmed.
Memorandum: Defendant was convicted upon a jury verdict of predatory sexual assault against a child (Penal Law § 130.96). On a prior appeal, we rejected the majority of defendant's contentions, but we also concluded that defendant was deprived of effective assistance of counsel at sentencing, and we therefore modified the judgment of conviction by vacating the sentence and remitted the matter to County Court for assignment of new counsel and resentencing (People v Brown, 152 AD3d 1209, 1212 [4th Dept 2017], lv denied 30 NY3d 978 [2017]). He now appeals from the resentence.
Contrary to defendant's contention, the court did not abuse its discretion in denying defendant's recusal motion upon remittal (see People v Hazzard, 129 AD3d 1598, 1598 [4th Dept 2015], lv denied 26 NY3d 968 [2015]; People v Weekes, 46 AD3d 583, 585 [2d Dept 2007], lv denied 10 NY3d 845 [2008]). Where, as here, "recusal is sought based upon impropriety as distinguished from legal disqualification, the judge . . . is the sole arbiter' " of whether to grant such a motion (People v Moreno, 70 NY2d 403, 406 [1987]). Contrary to his further contentions, defendant failed to demonstrate that the court displayed actual bias (see People v McCray, 121 AD3d 1549, 1551 [4th Dept 2014], lv denied 25 NY3d 1204 [2015]), or that the court's rulings were indicative of bias against defendant (see generally People v Walker, 100 AD3d 1522, 1523 [4th Dept 2012], lv denied 20 NY3d 1104 [2013]).
We have reviewed defendant's contention that he was deprived of effective assistance of counsel at resentencing, and we conclude that it lacks merit (see generally People v Caban, 5 NY3d 143, 152 [2005]; People v Baldi, 54 NY2d 137, 147 [1981]). Finally, the resentence is not unduly harsh or severe.
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court