People v Cotton (2020 NY Slip Op 03338)





People v Cotton


2020 NY Slip Op 03338


Decided on June 12, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, NEMOYER, CURRAN, AND WINSLOW, JJ.


527 KA 18-00862

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAVID L. COTTON, DEFENDANT-APPELLANT. 






BRIDGET L. FIELD, ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Melchor E. Castro, A.J.), rendered February 16, 2018. The judgment convicted defendant upon a jury verdict of burglary in the first degree, sexual abuse in the first degree, aggravated criminal contempt, aggravated harassment in the second degree and criminal contempt in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him after a jury trial of burglary in the first degree (Penal Law § 140.30 [2]), sexual abuse in the first degree (§ 130.65 [1]), aggravated criminal contempt (§ 215.52 [1]), criminal contempt in the second degree (§ 215.50 [3]), and aggravated harassment in the second degree (§ 240.30 [2]). We affirm.
County Court properly granted the People's Batson challenge to defendant's exercise of a peremptory challenge during jury selection. A trial court's determination whether a proffered gender-neutral reason is pretextual is entitled to great deference (see People v Hernandez, 75 NY2d 350, 356 [1990], affd 500 US 352 [1991]; People v Linder, 170 AD3d 1555, 1558 [4th Dept 2019], lv denied 33 NY3d 1071 [2019]), and we perceive no reason to disturb the court's determination that the reasons proffered by defense counsel for the challenge in question were pretextual. Here, the People's showing that defendant had used his 12 prior peremptory challenges to strike only female jurors—especially in the context of a sexual assault trial involving a male defendant and a female victim—constituted strong evidence that defendant's proffered gender-neutral reasons for the strike were pretextual (see People v Hecker, 15 NY3d 625, 660 [2010], cert denied 563 US 947 [2011]; People v Murphy, 79 AD3d 1451, 1452 [3d Dept 2010], lv denied 16 NY3d 862 [2011]; see also People v Jenkins, 75 NY2d 550, 556 [1990]; see generally J.E.B. v Alabama, 511 US 127, 148-149 [1994, O'Connor, J., concurring]).
We reject defendant's contention that the court erred in permitting the People to introduce, as evidence of defendant's consciousness of guilt, evidence that, after the incident, the victim discovered that some of her electronic devices had been damaged. Evidence that defendant may have damaged the victim's electronic devices to prevent her from preserving a record of defendant's conduct is probative of his consciousness of guilt inasmuch as it is akin to evidence of tampering or witness intimidation (see generally People v Bennett, 79 NY2d 464, 469-470 [1992]; People v Larregui, 164 AD3d 1622, 1623-1624 [4th Dept 2018], lv denied 32 NY3d 1126 [2018]), and the probative value of that evidence is not outweighed by its potential for prejudice (see Larregui, 164 AD3d at 1624; People v Case, 113 AD3d 872, 873 [2d Dept 2014], lv denied 23 NY3d 961 [2014]).
Furthermore, we conclude that although it was error for the court to permit the People to elicit testimony describing a statement made by defendant—i.e., his date of birth—that had been suppressed before trial based on a violation of Payton v New York (445 US 573, 576 [1980]; see People v Harris, 77 NY2d 434, 437 [1991]; People v Brown, 152 AD3d 1209, 1211 [4th Dept [*2]2017], lv denied 30 NY3d 978 [2017]), that error is harmless inasmuch as the remaining, properly admitted evidence of guilt is overwhelming and there is no reasonable possibility that the jury would have acquitted defendant in the absence of that testimony (see generally People v Crimmins, 36 NY2d 230, 237 [1975]; Brown, 152 AD3d at 1211).
Contrary to defendant's contention, the court did not abuse its discretion in fashioning a Sandoval compromise. We conclude that the court properly balanced the probative value of allowing the People to inquire about the existence of two of defendant's prior felony convictions against the risk of unfair prejudice (see People v Lloyd, 118 AD3d 1117, 1122 [3d Dept 2014], lv denied 25 NY3d 951 [2015]; People v Puff, 283 AD2d 952, 953 [4th Dept 2001], lv denied 96 NY2d 923 [2001]). The fact that the two felony convictions were remote in time does not, standing alone, preclude their admissibility under Sandoval (see People v Walker, 83 NY2d 455, 459 [1994]; People v Taylor, 140 AD3d 1738, 1739 [4th Dept 2016]).
Defendant's contention that the evidence supporting his conviction is legally insufficient is preserved only with respect to unlawful entry as an element of burglary in the first degree, and notice of the order of protection as an element of criminal contempt in the second degree and aggravated criminal contempt (see generally People v Hines, 97 NY2d 56, 61-62 [2001], rearg denied 97 NY2d 678 [2001]; People v Gray, 86 NY2d 10, 19 [1995]). To the extent that defendant challenges the sufficiency of the evidence with respect to intent as an element of burglary in the first degree and the lack of consent as an element of sexual abuse in the first degree his contention is unpreserved because he did not specifically advance those arguments in his motion for a trial order of dismissal (see Gray, 86 NY2d at 19).
Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to support the conviction. With respect to the count of burglary in the first degree, the victim's testimony that defendant forcibly pushed his way into her apartment without her permission is sufficient to establish that he unlawfully entered the apartment (see People v Shay, 85 AD3d 1708, 1709 [4th Dept 2011], lv denied 17 NY3d 822 [2011]; People v Brown, 74 AD3d 1748, 1749 [4th Dept 2010], lv denied 15 NY3d 802 [2010]). With respect to the counts of criminal contempt in the second degree and aggravated criminal contempt, testimony that the order of protection was entered by the court in defendant's presence is sufficient to establish that he had notice of the order of protection (see People v Nichols, 163 AD3d 39, 47-49 [4th Dept 2018]; see generally People v Williams, 118 AD3d 1295, 1296 [4th Dept 2014], lv denied 24 NY3d 1090 [2014]).
Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Although a different verdict would not have been unreasonable, we cannot conclude that " the jury failed to give the evidence the weight it should be accorded' " (People v Ray, 159 AD3d 1429, 1430 [4th Dept 2018], lv denied 31 NY3d 1086 [2018]; see People v Edwards, 159 AD3d 1425, 1426 [4th Dept 2018], lv denied 31 NY3d 1116 [2018]). Ultimately the jury was in the best position to assess the victim's credibility (see generally People v Ruiz, 159 AD3d 1375, 1375 [4th Dept 2018]), and we perceive no reason to reject the jury's credibility determination. Moreover, we "note that [the victim's] testimony was not so inconsistent or unbelievable as to render it incredible as a matter of law" (Edwards, 159 AD3d at 1426 [internal quotation marks omitted]).
Additionally, we reject defendant's contention that defense counsel was ineffective in cross-examining the victim about a police report involving defendant where the victim was not the complainant—thereby opening the door for the prosecution to question defendant on cross-examination about an incident where he allegedly stole someone's credit card. That sole tactical error, by itself, did not deprive defendant of meaningful representation inasmuch as the error was not "sufficiently egregious and prejudicial to compromise defendant's right to a fair trial" (People v Caban, 5 NY3d 143, 152 [2005]; see People v Cummings, 16 NY3d 784, 785 [2011], cert denied 565 US 862 [2011]; People v Paul, 171 AD3d 1555, 1557 [4th Dept 2019], lv denied 33 NY3d 1107 [2019], reconsideration denied 34 NY3d 983 [2019]).
Defendant's contention that he was deprived of a fair trial due to instances of prosecutorial misconduct on summation is for the most part unpreserved because defense counsel [*3]did not object to the majority of the purported improprieties (see People v Romero, 7 NY3d 911, 912 [2006]; People v Maxey, 129 AD3d 1664, 1666 [4th Dept 2015], lv denied 27 NY3d 1002 [2016], reconsideration denied 28 NY3d 933 [2016]). In any event, any improprieties in the People's summation were not sufficiently egregious to deprive defendant of a fair trial. There was no "obdurate pattern of inflammatory remarks" or pervasive and egregious improper comments warranting a new trial (People v Whaley, 70 AD3d 570, 571 [1st Dept 2010], lv denied 14 NY3d 894 [2010]). Contrary to defendant's further contention, we conclude that defense counsel's failure to object to the allegedly improper comments did not constitute ineffective assistance because the challenged comments were not so egregious as to deprive defendant of a fair trial (see People v Hendrix, 132 AD3d 1348, 1348 [4th Dept 2015], lv denied 26 NY3d 1145 [2016]; People v Black, 124 AD3d 1365, 1366 [4th Dept 2015], lv denied 26 NY3d 926 [2015]).
Defendant's contention that the court penalized him for exercising his right to trial by imposing a much greater sentence than was offered as part of a pretrial plea offer is unpreserved (see People v Meacham, 151 AD3d 1666, 1669 [4th Dept 2017], lv denied 30 NY3d 981 [2017]). Finally, we conclude that the sentence is not unduly harsh or severe.
Entered: June 12, 2020
Mark W. Bennett
Clerk of the Court