People v Hernandez (2021 NY Slip Op 02696)





People v Hernandez


2021 NY Slip Op 02696


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, CURRAN, AND BANNISTER, JJ.


1109 KA 19-00447

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ISREAL HERNANDEZ, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered October 1, 2018. The judgment convicted defendant upon a nonjury verdict of burglary in the second degree and menacing in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant, who was indicted on one count each of burglary in the first degree (Penal Law § 140.30 [4]) and menacing in the second degree (§ 120.14 [1]), appeals from a judgment convicting him upon a nonjury verdict of the lesser included offenses of burglary in the second degree (§ 140.25 [2]) and menacing in the third degree (§ 120.15). Defendant contends that Supreme Court failed to comply with CPL 320.20 (5) because the court failed to inform defendant of its intention to consider unindicted, lesser included offenses prior to rendering its verdict. Initially, we agree with defendant that preservation of that contention is not required in this case because defendant learned of the court's consideration of the lesser included offenses only when the court rendered its verdict and, once the verdict was rendered, the court was without a remedy to correct it (see People v Carter, 63 NY2d 530, 533 [1984]). Thus, defendant was deprived "of a practical ability to timely and meaningfully object" to any violation of CPL 320.20 (5) (People v Harris, 31 NY3d 1183, 1185 [2018]). Although we also agree with defendant that the court failed to comply with CPL 320.20 (5), we conclude that such error was harmless (see People v Kurkowski, 83 AD3d 1595, 1596 [4th Dept 2011], lv denied 16 NY3d 896 [2011]).
Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we reject defendant's further contention that the evidence is legally insufficient to support the burglary conviction. The victim's testimony that defendant forcibly pushed his way into her apartment without her permission is legally sufficient to establish that he unlawfully entered the apartment (see People v Cotton, 184 AD3d 1145, 1147 [4th Dept 2020], lv denied 35 NY3d 1112 [2020]; People v Shay, 85 AD3d 1708, 1709 [4th Dept 2011], lv denied 17 NY3d 822 [2011]). Defendant's intent to commit a crime inside the apartment may be inferred from the "circumstances of the entry" (People v Standsblack, 162 AD3d 1523, 1525 [4th Dept 2018], lv denied 32 NY3d 1008 [2018]).
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court