People v Colon (2022 NY Slip Op 00582)





People v Colon


2022 NY Slip Op 00582


Decided on January 28, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, AND BANNISTER, JJ.


1056 KA 19-00896

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DANIEL COLON, DEFENDANT-APPELLANT. 






THE SAGE LAW FIRM GROUP PLLC, BUFFALO (KATHRYN FRIEDMAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered October 1, 2018. The judgment convicted defendant after a nonjury trial of burglary in the second degree and menacing in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of burglary in the second degree (Penal Law
§ 140.25 [2]) and menacing in the third degree (§ 120.15). Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we reject defendant's contention that the evidence is legally insufficient to support the burglary conviction. The victim's testimony that defendant forced his way into her apartment without her permission is legally sufficient to establish that he unlawfully entered the apartment (see People v Hernandez, 193 AD3d 1413, 1414 [4th Dept 2021], lv denied 37 NY3d 972 [2021]; People v Cotton, 184 AD3d 1145, 1147 [4th Dept 2020], lv denied 35 NY3d 1112 [2020]). Defendant's intent to commit a crime inside the apartment "may be inferred from the 'circumstances of the entry' " (Hernandez, 193 AD3d at 1414). Contrary to defendant's further contention, the evidence is legally sufficient to support the menacing conviction. Defendant's criminal intent may be inferred from the totality of his conduct (see People v Ferguson, 177 AD3d 1247, 1248 [4th Dept 2019]; People v Bryant, 13 AD3d 1170, 1171 [4th Dept 2004], lv denied 4 NY3d 884 [2005]). Thus, there is a valid line of reasoning and permissible inferences from which a rational factfinder could have found that defendant intentionally placed or attempted to place the victim in fear of physical injury (see § 120.15; see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We have considered defendant's remaining contention and conclude that it is without merit.
Entered: January 28, 2022
Ann Dillon Flynn
Clerk of the Court