People v Parilla (2022 NY Slip Op 07379)

People v Parilla

2022 NY Slip Op 07379

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, NEMOYER, CURRAN, AND BANNISTER, JJ.

895 KA 19-00980

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MIGUEL A. PARILLA, DEFENDANT-APPELLANT. 

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MICHAEL J. HILLERY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered June 22, 2018. The judgment convicted defendant upon a jury verdict of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), arising from the discovery of drugs by the police following a traffic stop of a vehicle in which defendant was the passenger. We affirm.
Contrary to defendant's contention, Supreme Court properly refused to suppress physical evidence and statements obtained as a result of the traffic stop (see People v Rodriguez-Rivera, 203 AD3d 1624, 1625-1626 [4th Dept 2022], lv denied 39 NY3d 942 [2022]; People v Swift, 185 AD3d 1442, 1443 [4th Dept 2020], lv denied 36 NY3d 976 [2020]; People v Rosario, 64 AD3d 1217, 1218 [4th Dept 2009], lv denied 13 NY3d 941 [2010]).
We reject defendant's contention that the court erred in ruling, pursuant to People v Molineux (168 NY 264 [1901]), that the People were permitted to introduce evidence of defendant's prior drug sales. The testimony concerning defendant's prior drug sales was admissible with respect to the issue of his intent to sell drugs (see generally Penal Law § 220.16 [1]), and we conclude that the probative value of such evidence outweighed the danger of prejudice and we also note that the court gave an appropriate limiting instruction (see People v Kims, 24 NY3d 422, 439 [2014]; People v Smith, 129 AD3d 1549, 1549 [4th Dept 2015], lv denied 26 NY3d 971 [2015]; People v Whitfield, 115 AD3d 1181, 1182 [4th Dept 2014], lv denied 23 NY3d 1044 [2014]).
Defendant further contends that the People deprived him of a fair trial by improperly introducing, without obtaining an advance ruling and in violation of Molineux, testimony that defendant, who was concerned about two unspecified "strikes on his record," made multiple postarrest attempts to bribe the driver of the vehicle to take responsibility for the drug charges. We reject that contention. Even assuming, arguendo, that the People should have sought an advance ruling with respect to the testimony that defendant attempted to bribe the driver to take responsibility for the drug charges (see generally People v Ventimiglia, 52 NY2d 350, 356, 361-362 [1981]), we conclude that defendant was not deprived of a fair trial because that testimony was plainly admissible as consciousness of guilt evidence (see People v Cotton, 184 AD3d 1145, 1146 [4th Dept 2020], lv denied 35 NY3d 1112 [2020]; People v Wheeler, 159 AD3d 1138, 1142 [3d Dept 2018], lv denied 31 NY3d 1123 [2018]; People v Lumaj, 298 AD2d 335, 335 [1st Dept 2002], lv denied 99 NY2d 616 [2003]; see generally People v Bennett, 79 NY2d 464, 469-470 [*2][1992]), its probative value was not outweighed by its potential for prejudice (see Cotton, 184 AD3d at 1146), and the lack of an advance ruling did not cause defendant any prejudice (see People v McLeod, 279 AD2d 372, 372 [1st Dept 2001], lv denied 96 NY2d 921 [2001]; People v Andrews, 277 AD2d 1009, 1010 [4th Dept 2000], lv denied 96 NY2d 780 [2001]; People v Pugh, 236 AD2d 810, 812 [4th Dept 1997], lv denied 89 NY2d 1099 [1997]). Additionally, even assuming, arguendo, that the People should have sought an advance ruling with respect to the testimony implying that defendant had committed prior crimes and that the court erred in admitting that testimony, we conclude that any error is harmless inasmuch as "[t]he evidence of defendant's guilt is overwhelming . . . and there is no significant probability that the jury would have acquitted defendant if the allegedly improper Molineux evidence had been excluded" (People v Casado, 99 AD3d 1208, 1211-1212 [4th Dept 2012], lv denied 20 NY3d 985 [2012]; see generally People v Frankline, 27 NY3d 1113, 1115 [2016]; People v Crimmins, 36 NY2d 230, 241-242 [1975]).
Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support his conviction of criminal possession of a controlled substance in the third degree. Defendant's general motion for a trial order of dismissal with respect to that count was not " 'specifically directed' at the alleged" shortcomings in the evidence raised on appeal (People v Gray, 86 NY2d 10, 19 [1995]), and defendant's legal sufficiency contention made on appeal is not otherwise preserved for our review because, contrary to defendant's assertion, that contention is not based on a pretrial legal argument that was definitively rejected by the court (cf. People v Finch, 23 NY3d 408, 412 [2014]). Next, even assuming, arguendo, that an acquittal would not have been unreasonable (see People v Danielson, 9 NY3d 342, 348 [2007]), upon acting, in effect, as a second jury by independently reviewing the evidence in light of the elements of the crime of criminal possession of a controlled substance in the third degree as charged to the jury (see People v Kancharla, 23 NY3d 294, 302-303 [2014]; People v Delamota, 18 NY3d 107, 116-117 [2011]; Danielson, 9 NY3d at 348-349), we reject defendant's contention that the verdict with respect to that crime is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Finally, contrary to defendant's contention, the sentence is not unduly harsh or severe.
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court