People v Sporer (2023 NY Slip Op 50046(U))

[*1]

People v Sporer (Matthew)

2023 NY Slip Op 50046(U) [77 Misc 3d 136(A)]

Decided on January 20, 2023

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

As corrected in part through January 23,
2023; it will not be published in the printed Official Reports.

Decided on January 20, 2023
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, Michael, JJ.

570632/16
The People of the
State of New York, Respondent,
against
Matthew Sporer,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York,
New York County (Larry R.C. Stephen, J.), rendered April 21, 2016, after a nonjury trial,
convicting him of criminal trespass in the third degree and attempted criminal possession
of a controlled substance in the seventh degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Larry R.C. Stephen, J.), rendered April 21, 2016,
affirmed.
The verdict convicting defendant of criminal trespass in the third degree (see
Penal Law § 140.10[a]) and attempted criminal possession of a controlled substance
in the seventh degree (Penal Law §§ 110.00, 220.03) was supported by legally
sufficient evidence and was not against the weight of the evidence (see People v
Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis upon which to disturb
the trial court's determinations concerning credibility. With respect to third degree
criminal trespass, the credited police testimony established that defendant entered a New
York City subway platform unlawfully by jumping over a turnstile without paying the
required fare and without permission (see People v Alvarez, 162 AD3d 596 [2018], lv denied
32 NY3d 1108 [2018]). Defendant's "actions were incompatible with those of a
member of some category of persons having permission to ride the subway without
paying, and the evidence supported the conclusion that he had no such permission"
(id.).
With respect to seventh-degree attempted criminal possession of a controlled
substance, defendant's knowing possession was established by evidence that the police
recovered a plastic bag containing crack cocaine residue from defendant's pants pocket,
as well as a straw, an item commonly used to inhale cocaine through a nostril (see
People v Reisman, 29 NY2d 278, 285 [1971], cert denied 405 US 1041
[1972]; see also People v Mizell, 72 NY2d 651, 655 [1988]). 
The court properly exercised its discretion in denying defendant's motion for a
mistrial on the ground that the arresting officer was present in the courtroom during the
prosecutor's opening statement. The record does not indicate any instruction by the court,
nor a request by defense counsel at the outset of trial, that the People's witnesses be
identified and excluded from the courtroom until called to testify (see People v
Melendez, 178 AD2d 366 [1991], lv denied 79 NY2d 950 [1992]).
Moreover, by waiting until the officer's direct examination was almost completed before
raising any objection or requesting a mistrial, defendant "allow[ed] the error to pass into
the record uncured . . . " (People v Bailey, 32 NY3d 70, 78 [2018][citation
omitted]; see [*2]People v Vaz, 118 AD3d 587, 587 [2014], lv
denied 24 NY3d 1089 [2014]). In any event, defendant failed to demonstrate any
prejudice resulting from the officer's presence in the courtroom during opening
statements (see People v
Thomas, 166 AD3d 1499 [2018], lv denied 32 NY3d 1178 [2019];
People v Todd, 306 AD2d 504, 506 [2003], lv denied 1 NY3d 581
[2003]). 
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
Clerk of the Court
Decision Date: January 20, 2023